# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | | |
|---|---|---|
| BEVERLY STAYART, | ) | |
| a/k/a BEV STAYART, | ) | |
| an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| YAHOO!, INC., | ) | JURY DEMANDED |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

For her Verified Complaint against Defendant, Plaintiff Beverly Stayart, by her attorney, alleges as follows:

### A.　NATURE OF CLAIMS

1.　This is a civil action seeking relief pursuant to the laws of the State of Wisconsin, including, but not limited to, Wis. Stats. 995.50(2)(b) (invasion of the right of privacy) for the knowing and unauthorized use of Beverly Stayart's name on the Internet for advertising purposes, or for purposes of trade.

### B.　JURISDICTION AND VENUE

2.　Plaintiff, Beverly Stayart, a/k/a Bev Stayart ("Stayart"), is an individual residing in the City of Elkhorn, County of Walworth, State of Wisconsin, within this judicial district

3. Defendant, Yahoo!, Inc. ("Yahoo") is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of California.

4. This is a diversity case, and this court has subject matter jurisdiction over this lawsuit under 28 U.S.C. Sec. 1332(a). As required by Sec. 1332(a), the amount in controversy in this matter exceeds the sum and value of $75,000, exclusive of interest and costs, and there is complete diversity between all parties.

5. Venue is proper within this judicial district under 28 U.S.C. Sec. 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

6. Yahoo is subject to personal jurisdiction in the State of Wisconsin pursuant to Wisconsin's long-arm statute (Wis. Stats. 801.05) because Yahoo practices the unlawful conduct complained of herein, in part, within this judicial district; because the unlawful conduct complained of herein causes injury to Stayart, in part, within this judicial district; because Yahoo regularly does or solicits business within this judicial district; and because Yahoo regularly and systematically directs electronic activity into the State of Wisconsin with the intent of engaging in business within this judicial district.

### C. THE PARTIES

7. Stayart holds a Bachelor's Degree from the University of Iowa. She also holds a Master's Degree in Business Administration (M.B.A.) from the University of Chicago.

8. Prior to May, 2000, Stayart lived in Chicago for many years.

9. Stayart has been employed by several major financial institutions in Chicago, Illinois, achieving the rank of Vice President. In graduate school at the University of Chicago, she majored in finance.

10. Today, Stayart is frequently involved in public advocacy on behalf of animal protection programs throughout the United States and the world.

11. Stayart has actively participated in recent campaigns to save the wild horse population in the western United States; to save the baby seal population in eastern Canada; to prohibit the aerial shooting of wolves in the United States; to shut down puppy mills; and to prohibit abusive practices in factory farms and slaughterhouses.

12. Stayart is also involved in genealogy research throughout the world.

13. Stayart regularly uses the Internet to further her public advocacy of animal protection programs and her genealogy research.

14. Stayart is a contributor to an online discussion forum for genealogical and historical research concerning the Siouan people (Saponi) at www.saponitown.com. This third-party website contains Stayart's photo, address, and other personal information.

15. Stayart's periodic, scholarly posts on this third-party website have generated approximately 20,000 hits (online visitors) during the past four years.

16. Two poems written and copyrighted by Stayart appear on three Danish websites supporting the preservation of the baby seal population in eastern Canada.

17. Stayart is the _only_ "Beverly Stayart" and "Bev Stayart" on the Internet. She uses both names in her endeavors.

18. Stayart's name has commercial value for advertising purposes or for purposes of trade because of her public advocacy activities on behalf of animals, her

positive and wholesome image, and the popularity of her scholarly posts on the Internet at www.saponitown.com.

19. Stayart's name has also become a keyword phrase on the Internet.

20. According to Internet analytics firm, Compete.com, Stayart's name is a competitive keyword phrase. Between January 15 and April 15, 2009, at least five destination websites have received traffic from Internet searchers using the search term "Beverly Stayart." See, Exhibits 1 and 2, attached hereto.

21. The same is true with regard to the time period February 11 through May 12, 2009. See, Exhibit 3, attached hereto.

22. Stayart is a sophisticated, well-educated, and highly intelligent professional woman, with important and valuable friends and business contacts throughout the world.

23. Stayart has never engaged in a promiscuous lifestyle or other overt sexual activities.

24. Stayart has never given Yahoo, or any third party, any permission, authority or license to use or sell the right to use the name "Beverly Stayart" or "Bev Stayart" for the promotion or sale of any goods or services on the Internet, or in any other media, either directly or indirectly.

25. Yahoo provides Internet functions and services to individuals and companies. Among other services, Yahoo provides a search engine, or directory, at its main interactive website, www.yahoo.com.

26. This website is available on the Internet to the general public, worldwide, without limitation, and is owned by Yahoo.

27. Yahoo provides these Internet functions and services in all fifty states within the United States, including Wisconsin. For example, Yahoo offers DSL (digital subscriber line) Internet service to homes and small businesses in many Wisconsin communities in conjunction with AT&T. Yahoo has many thousands of users within Wisconsin alone.

### D. THE INTERNET

28. Most of Yahoo's online content and services are provided for free. Yahoo profits from these free services primarily through the sale of advertising that appears along with these free services.

29. Commercial search engines, such as Yahoo's search engine, allow someone to find other websites on the Internet that contain categories of information, or to search for keywords which lead to websites offering products and services. Many companies maintain websites or web pages to offer product information and to sell products and services online.

30. A commercial search engine checks the search terms entered into its directory against its databases, and applies a formula or algorithm, to produce search result page(s) that may relate to the customer's search terms. It also provides links, or embedded electronic addresses, to those websites.

31. Among other kinds of searches, Yahoo, on information and belief, encourages customers to use its directory to find other websites that offer particular products and services.

32. To use Yahoo's commercial search engine, a customer types in a few descriptive words and presses the "enter" key (or can also click on Yahoo's "web search"

5

icon with the computer mouse), and then will receive a list of web page(s) identified by Yahoo as relevant to the search request.

33. This search result list provided by Yahoo will usually contain the web page title, as well as a summary of the web page text, with the search terms in bold, in the form of a "snippet" or "snippets." The web page title, along with the snippet summary, will give the user an idea of whether the particular web page will be relevant.

34. According to Yahoo's published search content quality guidelines, it strives to provide the "best" search experience on the Internet by directing users to "high quality" and "relevant" web content in response to a search query. Yahoo describes as unwanted the following:

> (a) Pages that harm accuracy, diversity or relevance of search results;
>
> (b) <u>Misuse</u> or <u>inaccurate use</u> of competitor or <u>brand names</u> (emphasis added);
>
> (c) Sites that use excessive pop-ups (ads), install malware (<u>i.e.</u>, spyware, viruses, trojans) or interfere with user navigation; and
>
> (d) Pages that seem deceptive, fraudulent, or provide a poor user experience.

<u>See</u>, Exhibit 4, attached hereto.

## FIRST CAUSE OF ACTION
Violation of Right of Privacy Pursuant
To Wis. Stats. 955.50(b)

35. Stayart repeats and realleges the allegations set forth in Paragraphs 1 through 34 of this Complaint.

36. On December 17, 2009, Stayart visited Yahoo's search engine at www.yahoo.com from a computer in Walworth County, Wisconsin, and used the search term "Bev Stayart" to find information about herself on its search engine.

37. When she typed in "Bev Stayart", Yahoo's "search assist" box automatically displayed the phrase "bev stayart levitra" even before she could press the "enter" key for "Bev Stayart".

38. Levitra® is the brand name for a nationally advertised oral treatment for sexual dysfunction, marketed and distributed by Schering-Plough Corporation of Kenilworth, New Jersey.

39. After then pressing the "enter" key, a "header" was displayed before the first listed search result, which stated "Also try: bev stayart levitra". See, Exhibit 5, attached hereto.

40. Additionally, a "footer" was displayed at the bottom of the page after the last listed search result, which similarly stated: "Also try: bev stayart levitra". See, Exhibit 5, attached hereto.

41. On December 17, 2009, Stayart found a total of 1,630 search results for "Bev Stayart" appearing on Yahoo's search engine. On each and every page of these search results, there appeared the same "header" and "footer", associating Stayart with "levitra" in the manner described in Paragraphs 37 to 40 above.

42. On January 14, 2010, Stayart again visited Yahoo and searched for "Bev Stayart". She found 1,400 search results with the same headers and footers associating her with "levitra" on every page. See, Yahoo search results for Bev Stayart, page 1 and page 5, attached as Exhibit 6.

43. Stayart is informed and believes, and, on the basis of such information and belief, alleges that Yahoo created these described "headers" and "footers" which are displayed on its search engine in connection with its search results for "Bev Stayart".

44. Stayart is informed and believes, and, on the basis of such information and belief, alleges that Yahoo also created the phrase "bev stayart levitra" which automatically appears in Yahoo's search assist boxes in connection with the displayed results for "Bev Stayart". Yahoo solely controls what it displays in its search assist boxes, headers and footers on its website.

45. By providing the suggested searches at the top and bottom of the screen, such as "bev stayart levitra", Yahoo has crossed the border, expressed in the Communications Decency Act ("CDA"), from a "hosting site" to a "provider of content" which makes it responsible for the content it is providing.

46. On December 17, 2009, Stayart found 399 search results for "bev stayart levitra" on Yahoo's search engine after clicking on the header "Also try: <u>bev stayart levitra</u>" in Yahoo's search assist box at the top of the first page. See, Exhibit 7, attached hereto. Almost all of these search results are advertisements for "cialis", "viagra" and "levitra".

47. Many of these advertising sites contain malware. On December 17, 2009, the Kaspersky Anti-Malware 2009 Security System installed on Stayart's computer warned her of the malware threat on these websites.

48. Cialis® is the brand name for a nationally advertised oral treatment for sexual dysfunction, marketed and distributed by Eli Lilly and Company of Indianapolis, Indiana.

49. Viagra® is the brand name for a nationally advertised oral treatment for sexual dysfunction, marketed and distributed by Pfizer, Inc. of New York City, New York.

50. Yahoo has purposefully employed these deceptive tactics, through its search assist boxes, headers and footers, in the manner described in paragraphs 37 through 45, to increase Yahoo's web traffic by falsely implying Stayart's endorsement of "levitra".

51. Stayart is informed and believes, and, on the basis of such information and belief, alleges that Yahoo gained substantial pecuniary benefit through increased web traffic from the unauthorized use of her name in connection with the advertising and promotion of "levitra" in the manner described in paragraphs 37 to 45.

52. Between December 17, 2009 and January 18, 2010, Stayart visited other search engines from a computer in Walworth County, Wisconsin, and used the search term "Bev Stayart" to find information about herself.

53. These other search engines included Google (see, Exhibit 8, attached hereto), AltaVista (see, Exhibit 9, attached hereto), Bing (see, Exhibit 10, attached hereto), WebCrawler (see, Exhibit 11, attached hereto), and Ask (see, Exhibit 12, attached hereto).

54. None of these other search engines, in their corresponding display of search results for "Bev Stayart", automatically showed the phrase "bev stayart levitra", or contained "headers" and "footers" at the top and bottom of each page associating her name with "levitra". See, Exhibits 8 – 12, attached hereto.

9
Case 2:10-cv-00043-PJG     Filed 01/19/10     Page 9 of 15     Document 1-20

55. On January 16, 2010, Stayart used the search term "Bev Stayart" to search for information about herself on Google. After first clicking the icon "Show options" at the top of the first page, a column on the left hand side stated "Standard View", with three options underneath: "Related searches", "Wonder wheel", and Timeline". When Stayart clicked on "Related searches", Google displayed the following information:

> Related searches for Bev Stayart:
>
> | | |
> |---|---|
> | bev stayart elkhorn wisconsin | greg stayart |
> | bev stayart bikeforums.net | bev stayart animal |
> | bev stayart benzworld.org | bev stayart business network |
> | bev stayart artichoke risotto | bev stayart engines |
> | bev stayart st. joseph's indian school | bev stayart profile |

Nowhere on Google's "Related searches" for "Bev Stayart" did Google display the phrase "bev stayart levitra". See, Exhibit 13.

56. Next, on this same Google search result for "Bev Stayart", Stayart clicked on the icon "Wonder wheel". A wheel with "Bev Stayart" in the center was displayed showing spokes to eight different subjects: native american ancestry; st. joseph's indian school; artichoke risotto; benzworld.org; the humane society of the united states; baby seals; elkhorn wisconsin; and bikeforums.net. Nowhere did Google display on this "Wonder wheel" the phrase "bev stayart levitra". See, attached Exhibit 14.

57. On January 17, 2010, Stayart searched the names of 60 randomly selected individuals on www.yahoo.com to see if Yahoo was associating any of their names with "levitra" in its search assist boxes, headers and footers. Yahoo did not associate any of these 60 randomly selected individuals with "levitra" or any other oral sexual dysfunction drug in its search assist boxes, headers and footers.

58. Yahoo's unauthorized use of Stayart's name and reputation to advertise "levitra" invades Stayart's privacy, defrauds the public, injures Stayart's professional prestige, standing, and reputation among Stayart's colleagues and the public by implying that she has a personal pecuniary interest in "levitra", and has caused her embarrassment, humiliation, anxiety, and other emotional distress, resulting in damages in a total to be established by proof at trial, but in excess of the jurisdictional minimum.

59. As a further direct and proximate result of Yahoo's unauthorized use of Stayart's name, as alleged above, Stayart is entitled to compensatory damages in an amount equal to the greater of Stayart's loss or Yahoo's unjust enrichment, pursuant to Wis. Stats. 995.50(1)(b).

60. As a further and proximate result of Yahoo's unauthorized use of Stayart's name, as alleged above, Stayart is entitled to a reasonable amount for attorney fees, pursuant to Wis. Stats. 995(1)(c).

61. On or about December 18, 2009, Stayart's counsel sent a letter by facsimile and priority mail to Yahoo's counsel, demanding that Yahoo cease and desist from such unauthorized use of Stayart's name to advertise and promote "levitra". See, Exhibit 15, attached.

62. Despite this letter to Yahoo's counsel, Yahoo continues it unauthorized use of Stayart's name today to advertise and promote "levitra", according to Yahoo's search results for "Bev Stayart" dated January 18, 2010. When Stayart entered the search term "Bev Stayart" on www.yahoo.com on January 18, 2010, Yahoo continued to display "Also try: bev stayart levitra" in its search assist box, header and footer. See, Exhibit 16, attached.

11

63. Yahoo's unauthorized use of Stayart's name to advertise and promote "levitra", coupled with Yahoo's knowledge, through its authorized agents and representatives, that Stayart never recommended "levitra", evidences intentional and deliberate conduct in disregard of Stayart's rights, for which Stayart seeks punitive damages, pursuant to Wis. Stats. 895.043(3).

64. The continuing unauthorized use of Stayart's name to advertise and promote "levitra" for the increased web traffic and pecuniary benefit of Yahoo will cause further irreparable damage to Stayart's name and reputation, unless such actions are enjoined by this court, pursuant to Wis. Stats. 995.50(1)(a).

WHEREFORE, Stayart requests judgment against Yahoo as follows:

A. Enjoining Yahoo, its officers, agents, or employees, during pendency of this action and permanently afterwards, from using Bev Stayart's and/or Beverly Stayart's name without express written permission to advertise and promote "levitra" or any other oral treatment for sexual dysfunction;

B. General damages in excess of statutory damages according to proof;

C. Statutory damages as provided by Wis. Stats. 995.50(1)(b);

D. Costs of suit and reasonable attorney fees as provided in Wis. Stats. 995.50(1)(c);

E. Punitive damages as provided in Wis. Stats. 895.043(3); and

F. Such other and further relief that the court considers just and proper.

## SECOND CAUSE OF ACTION

### Violation of Right of Privacy Pursuant
### To Wisconsin Common Law

65. Stayart repeats and realleges the allegations set forth in paragraphs 1 through 34 of this Complaint.

66. Stayart repeats and realleges the allegations set forth in paragraphs 36 through 58 of this Complaint.

67. On or about December 18, 2009, Stayart's counsel sent a letter by facsimile and priority mail to Yahoo's counsel, demanding that Yahoo cease and desist from such unauthorized use of Stayart's name to advertise and promote "levitra". See, Exhibit 15, attached.

68. Despite this letter to Yahoo's counsel, Yahoo continues its unauthorized use of Stayart's name today to advertise and promote "levitra", according to Yahoo's search results for "Bev Stayart" dated January 18, 2010. When Stayart entered the search term "Bev Stayart" on www.yahoo.com on January 18, 2010, Yahoo continued to display "Also try: bev stayart levitra" in its search assist box, header and footer. See, Exhibit 16, attached.

69. Yahoo's unauthorized use of Stayart's name to advertise and promote "levitra", coupled with Yahoo's knowledge, through its authorized agents and representatives, that Stayart never recommended "levitra", evidences intentional and deliberate conduct in disregard of Stayart's rights, for which Stayart seeks punitive damages against Yahoo, pursuant to Wis. Stats 895.043(3).

70. The continuing unauthorized use of Stayart's name to advertise and promote "levitra" for the increased web traffic and pecuniary benefit of Yahoo will cause

13

further irreparable damage to Stayart's name and reputation, unless such actions are enjoined by this court.

WHEREFORE, Stayart requests judgment against Yahoo as follows:

A. Enjoining Yahoo, its officers, agents, and employees, during the pendency of this action and permanently afterwards, from using Bev Stayart's and/or Beverly Stayart's name without express written permission to advertise and promote "levitra" or any other oral treatment for sexual dysfunction;

B. Compensatory damages according to proof;

C. Costs of suit;

D. Punitive damages as provided in Wis. Stats. 895.043(3); and

E. Such other and further relief that the court considers just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Beverly Stayart, a/k/a Bev Stayart, hereby demands a trial by jury on all causes of action triable by jury.

BEVERLY STAYART

By: /s/ Gregory A. Stayart
Her Attorney

Gregory A. Stayart, Esq.
N5577 Cobblestone Road
Elkhorn, WI 53121-3820
(262)745-7395

DECLARATION

Pursuant to 28 U.S.C. Sec. 1746, I, Beverly Stayart, hereby declare under penalty of perjury that the foregoing is true and correct.  Executed on January 18, 2010.


            /s/ Beverly Stayart