# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**BEVERLY STAYART, a/k/a**
**BEV STAYART,**
        **Plaintiff,**

    **v.**                                     **Case No. 10C0043**

**YAHOO! INC.,**
        **Defendant.**

---

## DECISION AND ORDER

This is plaintiff Beverly Stayart's second suit against defendant Yahoo! Inc. ("Yahoo") after conducting search engine queries using her own name as a search term and discovering that Yahoo's website included the phrase "bev stayart levitra." Levitra is a medication for erectile dysfunction. In her previous action, plaintiff claimed trademark infringement under the Lanham Act and brought supplemental Wisconsin law claims alleging that Yahoo wrongfully used her name for advertising purposes. The district court held that plaintiff had no commercial interest in her name and therefore lacked standing under the Lanham Act, and it declined to exercise jurisdiction over plaintiff's state law claims. The Seventh Circuit affirmed. See Stayart v. Yahoo! Inc., 623 F.3d 436 (7th Cir. 2010). In her present suit, plaintiff alleges that I have diversity jurisdiction under 28 U.S.C. § 1332(a) and once again claims that Yahoo violated Wisconsin law by using her name for advertising purposes. Before me now is Yahoo's motion to dismiss plaintiff's complaint.

Before discussing the issues presented by Yahoo's motion, I will briefly summarize plaintiff's allegations. Plaintiff alleges that she is a genealogy researcher, is involved in

animal protection, regularly uses the internet to further these activities and is the only Bev

Stayart on the internet. She also alleges that she has published several poems. Plaintiff

further alleges that Yahoo provides internet search services through a commercial website.

Through proprietary software algorithms, Yahoo reviews and indexes websites. Users

address search queries to Yahoo and it determines which websites are relevant to the

query and provides the information to the user. Yahoo also helps users find information

in other ways.

As for her complaint against Yahoo, plaintiff alleges that she typed in the query "Bev

Stayart" and that Yahoo's website suggested that she query "bev stayart levitra" and listed

other websites selling erectile dysfunction medications, and that Yahoo's search assist

function displayed the phrase "bev stayart levitra." Plaintiff does not explain how her name

came to be connected to Levitra on the internet. Nevertheless, in addition to her suits

against Yahoo, plaintiff has also brought a suit similar to this one against Google. See

Beverly Stayart, a/k/a Bev Stayart v. Google, Inc. (Case No. 10-CV-0336 E.D. Wis.).

The Communications Decency Act, 4 U.S.C. § 230, effectively immunizes search

engines like Yahoo and Google from claims that they displayed information created by third

parties which presents an individual in an unfavorable light. Plaintiff tries to get around this

obstacle by alleging that Yahoo is wrongfully using her name for advertising purposes. See

Wis. Stat. § 995.50(2)(b) (prohibiting the use of a person's name "for advertising purposes

or for purposes of trade"); see also Hirsch v. S.C. Johnson & Son, 90 Wis. 2d 379, 398-99

(1979).

In its motion to dismiss, Yahoo contends that I lack subject matter jurisdiction

because plaintiff does not satisfy the amount in controversy requirement of § 1332(a), and

2

that even if I have jurisdiction, she fails to state a claim upon which relief can be granted. I agree with both of Yahoo's contentions.

I first address the issue of jurisdiction. In order to establish diversity jurisdiction, plaintiff must show that the parties are diverse and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ..." § 1332(a). Plaintiff satisfies the first requirement because she is a Wisconsin citizen and Yahoo is incorporated in Delaware and its principal place of business is California. As to the amount in controversy requirement, when a defendant challenges whether a plaintiff has satisfactorily alleged the jurisdictional minimum, the plaintiff must support the allegation with competent proof and establish the jurisdictional minimum by a preponderance of the evidence. McMillian v. Sheraton Chicago Hotel & Towers, 567 F.3d 839, 844 (7th Cir. 2009). To do this, the plaintiff must do more than "point to the theoretical availability of certain categories of damages." Id.

Plaintiff first points out that she has alleged that Yahoo obtains a pecuniary benefit from using her name to promote Levitra. However, plaintiff presents no facts indicating how this could possibly be so. She presents no evidence suggesting that her name has any commercial value and no evidence suggesting how connecting her name to Levitra could possibly benefit Yahoo (or Levitra) much less provide a benefit in excess of $75,000.

Secondly, plaintiff points out that she has alleged that she suffered emotional distress from discovering that her name was connected with Levitra on the internet. However, plaintiff presents no evidence indicating that her damages for emotional distress could possibly exceed $75,000. She presents no evidence, for example, that she incurred any expenses as the result of her distress such as expenses for medication or therapy.

3

Her allegation amounts to no more than an assertion that damages for emotional distress are theoretically available.

Even if plaintiff could satisfy the amount in controversy requirement, her complaint fails to state a claim upon which relief can be granted. In order to state such a claim, plaintiff must allege enough facts to describe a claim that is plausible on its face. Stayart, 623 F.3d at 438. In evaluating the complaint, I take all of plaintiff's allegations as true and draw all reasonable inferences in her favor. Id. A claim has facial plausibility when the plaintiff pleads sufficient factual content to enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In order to state a claim under either § 995.50(2)(b) or Wisconsin common law, plaintiff must allege sufficient facts to enable me to plausibly infer that Yahoo used her name for advertising or trade purposes. Plaintiff fails to do so. First, as stated, plaintiff alleges no facts which suggest that her name has any commercial value or that Yahoo derives any pecuniary benefit as a result of the connection on the internet between her name and Levitra. Second, plaintiff alleges no facts suggesting that Yahoo used her name for any purpose much less that of advertising or trade. Plaintiff's allegations do not suggest that Yahoo did anything other than search publicly available materials on the internet and return the results of the search. This type of activity is entirely lawful. Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562, 574 (1977) (stating that an individual's right to control use of her own name does not prevent reporting of news); see also Ladd v. Uecker, 323 Wis. 2d 798 (Ct. App. 2010) (stating that display of a person's likeness was not for purposes of trade or advertising but informative use of matter of public record); see also

4

Rand v. Hearst Corp., 298 N.Y. Supp. 2d 405, 409 (App. Div. 1969) (stating that phrases such as "advertising purposes" and for the "purposes of trade . . . must be construed narrowly and not used to curtail the right of free speech, or free press, or to shut off the publication of matters newsworthy or of public interest, or to prevent comment on matters in which the public has an interest or the right to be informed."), aff'd, 257 N.E. 2d 895, 896 (N.Y. 1970).

Therefore,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED** for lack of jurisdiction. Alternatively, plaintiff's complaint is **DISMISSED** for failure to state a claim on which relief can be granted.

Dated at Milwaukee, Wisconsin this 8th day of March 2011.


/s
LYNN ADELMAN
District Judge