IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BEVERLY STAYART, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-CV-0043-LA |
| YAHOO! INC., a Delaware corporation; | ) |
| Defendants. | ) |

**DEFENDANT YAHOO! INC.'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGEMENT PURSUANT TO RULE 59(e), F.R.C.P. AND REQUEST FOR CLARIFICATION**

Plaintiff Beverly Stayart ("Plaintiff") continues her seemingly endless quest to sustain her frivolous claims, this time in the form of a motion to alter or amend the judgment under Rule 59 that fails to provide any compelling reason for the Court to reverse its prior dismissal of her (second) complaint.[1] The Court should deny Plaintiff's motion and order Plaintiff to pay Yahoo!'s attorney's fees and costs associated with its response, because:

- There has been no intervening change in controlling law. The only "new authority" Plaintiff cites is a decision by the Eastern District of California that contains reasoning similar to cases dating back to 2004 that the parties briefed extensively on Yahoo!'s motion to dismiss.

- The Court's prior order is sufficiently clear in holding that Plaintiff's allegations do not support a finding that Yahoo! "used" her name in advertising or trade as

---

[1] This Court's decision on a motion to alter or amend a judgment lies within its discretion and is reviewed on appeal for an abuse of discretion. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008); *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006).

> required by Wis. Stat.§ 995.20(b). Plaintiff has failed to plead any facts demonstrating that Yahoo! gained any benefit from her name or undertook any task other than providing publicly available information to its users.

- No material mistakes of fact have occurred. Rather, Plaintiff's motion again misrepresents the content of her complaint in an attempt to save her baseless claim and improperly re-hashes matters of factual interpretation previously briefed to and rejected by this Court

### A. No Change in the Law Has Occurred

Plaintiff's suggestion that *Jurin v. Google Inc.*, 2:09-c.v.-03065-MCE-KJM, 2011 WL 572300 (E.D. Cal. Feb. 15, 2011) makes a "change in the applicable law" warranting reconsideration or amendment of the judgment distorts Rule 59(e) standards and, in reality, is nothing more than a thinly-veiled attempt to re-argue law already presented to this court.[2] Not surprisingly, only an intervening change in *controlling* law is sufficient to provide a tribunal with reason to alter or amend a prior judgment. *See, e.g., Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (Rule 59(e) motion is appropriate when there is "an intervening change in the controlling law."). Plainly, a district court in California's analysis of a different set of factual allegations is *not* controlling law in this Court.

Moreover, a Rule 59(e) motion presented under the guise of a change in controlling law may not be used simply to re-litigate issues that have already been decided. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). Stated differently, "[a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Musch v. Domtar Indus., Inc.*, 07-CV-524-BBC, 2008 WL 5111310 (W.D. Wis. Dec. 4, 2008) aff'd, 587 F.3d 857 (7th Cir. 2009) (quoting *Ahmed v.*

---

[2] The parties cited and discussed *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117 (E.D. Cal. 2010), the earlier opinion in this case, in their prior briefing, but the Court did not rely on *Jurin* in its order. The speciousness of Stayart's belated attempt to attach unwarranted significance to *Jurin* is transparent. Were *Jurin* a significant change in controlling law, Plaintiff could have advised the Court of it via a Notice of Supplemental Authority *prior* to this Court's March 8, 2011 order, as Yahoo! did when the Seventh Circuit issued its decision in *Stayart v. Yahoo!*.

*Ashcroft*, 388 F.3d 247, 249 (7th Cir.2004)).  That is all Plaintiff has done here.

The Court has already addressed very the arguments Plaintiff makes based on *Jurin* in its March 8, 2011 order.  Specifically, in her response to Yahoo!'s motion to dismiss, Plaintiff cited a number of cases that, like *Jurin*, hold that the sale of a trademarked keyword for advertising purposes constitutes a "use in commerce" under the Lanham Act.  (Dkt. 15 at 15).  On reply, Yahoo! argued that these cases were distinguishable because the sale of a *trademarked* name is irrelevant to the Court's analysis in this case.  (Dkt. 16 at 6-7).

Yahoo!'s argument, on which the Court relied, is unaffected by *Jurin.*  In fact, Plaintiff cited and Yahoo! distinguished a similar case in which the court found that a search engine itself "used" a trademarked term by suggesting it and selling it as a keyword.  *Gov't Employees Insurance Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 703 (E.D. Va. 2004) ("*GEICO*"); (Dkt. 15 at 7-8 (citing *GEICO*)).  Plaintiff does not explain how *Jurin* is an intervening change in law in light of *GEICO*.  *See also Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123 (2d Cir. 2009) (recommendation and sale of trademarked terms as adwords could constitute "use in commerce" under the Lanham Act).  Nor does Plaintiff's brief explain why *Jurin* is not distinguishable on the same grounds as *GEICO*, which addressed the *sale* of the plaintiff's trademarked term to *competitors* under the Lanham Act—*not* the mere *suggestion* of the trademarked term as an alternate or additional search term to a *consumer* running searches as the complaint alleges here.

Even if *Jurin* were somehow a change in controlling law and distinguishable from *GEICO*, it is distinguishable from this case.  A comparison of Ms. Stayart's allegations to Mr. Jurin's reveals stark differences.  Whereas Plaintiff here alleges non-commercial participation on a limited number of Internet sites, the plaintiff in *Jurin* was a company that "markets and sells its trademarked "Styrotrim" building material to homeowners, contractors and those in the construction and remodeling industries.  *Jurin v. Google Inc.*, 2:09-CV-03065 MCEKJM, 2011

- 3 -
Case 2:10-cv-00043-LA   Filed 04/11/11   Page 3 of 8   Document 22

WL 572300 (E.D. Cal. Feb. 15, 2011) Further, the parties that used the term "Styrotrim" in their advertisements on Google were plaintiff's competitors. *Id.* Indeed, Google did not even challenge the plaintiff's standing to sue under the Lanham Act in *Jurin*. *Id.*

There is no allegation in the complaint that Plaintiff's name had any value comparable to that associated with "Styrotrim," or that Plaintiff made any effort to create value in her name, that Yahoo! could have profited from had it attempted to use her name, or that Yahoo! suggested or sold Ms. Stayart's name as a *keyword for advertising* when Plaintiff attempted to purchase the "Levitra" keyword. (Dkt. 16 at 5).[3] Instead, the record is clear that Yahoo! did nothing more than search publicly available information about an individual with no particularly strong value attached to her name and display it to its users.

In sum, Plaintiff's citation of a district court decision that: (1) issued from another circuit; (2) issued before this Court's order; (3) mirrored the holding in a different case the parties briefed on Yahoo!'s motion to dismiss; and (4) is readily distinguishable from the present case, falls woefully short of the requirements of Rule 59.

### B.  The Court's Order Requires No Clarification

Plaintiff's request for "clarification" is no more than an obvious attempt to advance an argument already discussed at length in the parties' prior briefs. (Dkt. 15 at 5-6 (discussing Plaintiff's internet activities); 13-16 (arguing that Yahoo! "used" Plaintiff's name)).[4] This Court's order is clear: Plaintiff has failed to allege sufficient facts to support a finding that Yahoo! used her name for advertising or trade purposes, derived a commercial benefit from it, or

---

[3] In her motion for reconsideration, Plaintiff attempts to recast her complaint to align her allegations with *Jurin*, arguing that "Yahoo encourages internet advertisers to bid on the keyword phrase 'bev stayart levitra.'" (Dkt. 21 at 11). Notably, Plaintiff does not support this statement with a citation to her complaint, because the allegation simply is not there.

[4] To the extent Plaintiff desires clarification to file *yet another* suit, it is unclear how she could given the doctrines of claim and issue preclusion. *See Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986).

that Plaintiff suffered any substantial damages. (Order at 4). The Court should simply ignore Plaintiff's request regarding clarification of factual findings. The Court did not engage in any fact finding, instead it evaluated her complaint, and found that the allegations were insufficient.

Plaintiff does not dispute that use in advertising or trade purposes is required under Wis. Stat. §995.50(2)(b). Instead, she argues that the Court improperly grafted a "commercial value" requirement onto Wisconsin law in addition to the "use" requirement. (Dkt. 21, 6-7). To the contrary, this Court did not *require* a showing of "commercial value," but merely stated that had Plaintiff provided some allegations supporting commercial value in her name, she *may* have presented allegations that would support an inference that Yahoo! had reason to use her name for advertising or trade purposes. Alleging commercial value is thus one way of demonstrating the property right a plaintiff must have in her name to state a claim under Wis. Stat. § 995.50.[5] The Court's order thus makes clear that Plaintiff must allege "use" beyond "search[ing] publicly available materials on the internet and return the results of the search." (Order at 4).

This decision does not conflict with *Stayart v. Yahoo!, Inc.*, 651 F. Supp. 2d 873 (E.D. Wis. 2009). The Court's statement in that case that Plaintiff *could* file a "pure appropriation" invasion of privacy claim does not mean that claim would survive a motion to dismiss. Indeed, the Court *only* discussed the claim in light of the CDA, stating that "the Court cannot say with certainty that a potential right to publicity claim under Wisconsin law is without merit, meaning that the intellectual property exception *could* save Stayart's claims." *Id.* at 887 (emphasis added). This Court resolved the issue without resort to the CDA, and even if it had, the prior order recognized such a claim still might not survive under the CDA. There is thus no conflict.

### C. No Mistakes of Fact Occurred

---

[5] *See* Dkt. 10 at 14-18 ((*citing Hirsch v. S.C. Johnson & Son, Inc.*, 90 Wis. 2d 379, 387, 280 N.W.2d 129, 132 (1979) and arguing that a plaintiff must have a property right in her name to bring suit under § 995.50); Dkt. 16 at 7-8 (rebutting plaintiff's arguments, which are nearly identical to those presented in this motion).

Plaintiff repeats sections of her complaint in her motion for reconsideration in the vain hope that if a Court reads her complaint for the third time it will, for no particular new reason, change its mind as to its interpretation. In order to support an alteration or amendment of a judgment, however, Plaintiff must "clearly establish[] a manifest error of law or fact." *Cnty. of McHenry v. Ins. Co. of the W.,* 438 F.3d 813, 819 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize'" facts or law. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D.Ill.1997).

Plaintiff has not met this high bar here where the Court already considered and rejected Plaintiff's interpretation of the allegations in her complaint. The Court specifically addressed the facts Plaintiff presented in her complaint and repeated in her latest filing. (Order at 2-4). Plaintiff makes no compelling argument to revisit those facts beyond the claim that the Court did not specifically state its opinion on each fact presented. *Oto*, 224 F.3d at 606 ("Rule 59 is not a vehicle for rearguing previously rejected motions.") The mere fact that the order does not recite or address every fact the Plaintiff raises cannot serve as basis for re-arguing the motion to dismiss where the Court simply and correctly rejected Plaintiff's previously-raised arguments.

In any event, Plaintiff, not the Court, is mistaken. In her motion, Plaintiff *again* misrepresents the complaint, claiming that "Here, Yahoo encourages internet advertisers to bid on the keyword phrase 'bev stayart levitra.'" (Dkt. 21 at 11). But as Yahoo! pointed out in its reply on the motion to dismiss and the paragraphs preceding this statement in Plaintiff's own motion make clear, the Complaint does not and cannot allege any such thing. (Dkt. 16 at 2-3). Amendment through a responsive pleading cannot defeat a motion to dismiss—and neither can an amendment in a motion to alter or amend the judgment. *Perkins v. Silverstein,* 939 F.2d 463, 470 n. 6 (7th Cir.1991); *Stayart*, 651 F.Supp.2d at 889.

Nor was there any mistake of fact regarding Plaintiff's failure to allege facts to support $75,000 worth of damages. As this Court stated:

> As to the amount in controversy requirement, when a defendant challenges whether a plaintiff has satisfactorily alleged the jurisdictional minimum, the plaintiff must support the allegation with competent proof and establish the jurisdictional minimum by a preponderance of the evidence. *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). To do this, the plaintiff must do more than "point to the theoretical availability of certain categories of damages." *Id.*

(Order at 3). As Yahoo! previously argued under Wis. Stat. § 995.50(1)(b), *only* compensatory damages are recoverable. Plaintiff's motion for reconsideration does not explain how an individual, whose name courts have *repeatedly* found has no commercial value, could have provided a benefit to Yahoo! in excess of $75,000 or otherwise suffered $75,000 in compensatory damages. *See Griffith v. Fenrick*, 486 F. Supp. 2d 848 (W.D. Wis. 2007) (holding that a famous actor did not demonstrate more than $75,000 in damages). Additionally, there are *no allegations in the complaint* regarding physical ailments, mental health issues, missed work days, prescription drug costs, or reduced quality of life—which are hallmarks of a plaintiff who has actually suffered the type of emotional damage required to support the outrageous sums Plaintiff seeks here. Plaintiff's claims of attorney's fees and punitive damages are insufficient to pull her nominal damages up to the jurisdictional threshold. As Yahoo! argued (and Plaintiff fails to address in her motion), a plaintiff must have more than $75,000 in attorney's fees *at the time of filing* to support jurisdiction. *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2010). Likewise, Plaintiff does not explain how such a small compensatory loss could support punitive damages in the outrageous sum of $75,000.[6]

---

[6] Plaintiff previously cited *Beverly v. Choices Women's Medical Ctr., Inc.*, 587 N. E. 2d 275 (N.Y. Ct. App. 1991) in support of a large damages award. This Court rightly rejected that case, because unlike Plaintiff, the plaintiff in *Beverly* "testified that she suffered physical and mental injury as a result of the publication of her picture in the calendar. The plaintiff also testified as to

### D. Yahoo! is Entitled to Fees and Costs for Responding to Plaintiff's Motion

As stated above, Plaintiff's motion is frivolous and is nothing more than an attempt to impermissibly reargue issues adequately presented to this court on Yahoo!'s motion to dismiss. Yahoo! thus requests that this Court order Plaintiff to pay its legal fees and costs associated with opposing this frivolous motion. *Melrose v. Shearson/Am. Exp., Inc.*, 898 F.2d 1209, 1216 (7th Cir. 1990) (upholding imposition of attorney's fees as sanctions where, even though portions of a motion were successful, other portions were frivolous). Additionally, under Wis. Stat. § 995.50(6), courts are to award a prevailing defendant its attorneys' fees and costs for defending against frivolous right of publicity claims. Yahoo! thus intends to file a motion seeking all of its attorney's fees to date after this Court rules on Plaintiff's motion for reconsideration.

### E. Conclusion

Yahoo! respectfully requests that this Court bring Plaintiff's continued quest to re-litigate issues to a merciful end. As stated above, Plaintiff has not identified a change in controlling law, material mistakes of fact, or a sufficient need for clarification of the Court's order. As such, the Court should deny Plaintiff's frivolous motion and order her to pay Yahoo!'s attorney's fees and costs in responding.

Dated: April 11, 2011            Respectfully submitted,

By:   /s/ Christian S. Genetski

*Attorneys for Defendant Yahoo! Inc.*

---

the effect of the publication on her lifestyle and career decisions." *Beverley v. Choices Women's Med. Ctr., Inc.*, 170 A.D.2d 475, 475, 565 N.Y.S.2d 833, 834 (N.Y. App. Div. 1991) *aff'd* 587 N.E.2d 275 (1991). As this Court noted, Plaintiff's complaint is devoid of similar claims.