**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

BEVERLY STAYART, a/k/a
BEV STAYART,
          **Plaintiff,**

     v.                                                        Case No. 10C0043

YAHOO! INC.,
          **Defendant.**

**DECISION AND ORDER**

      Plaintiff, Beverly Stayart, brought this diversity action against defendant, Yahoo! Inc., alleging that defendant violated Wis. Stat. § 995.50(2)(b) and Wisconsin common law by using her name for advertising purposes without her consent. I dismissed the case because I concluded that plaintiff failed to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a) resulting in a lack of subject matter jurisdiction. Alternatively, I concluded that plaintiff failed to state a claim upon which relief could be granted requiring dismissal of the complaint. Before me now is plaintiff's motion for reconsideration.

      In her complaint, plaintiff alleges as follows: that defendant's search engine scours the internet for the purpose of creating an index of publicly available websites and then allows users to search the index by entering search queries into the search engine; that upon receipt of a query, the search engine searches the index for the identified phrase and defendant's proprietary algorithm supplies a list of websites sorted in order of their relevance to the query; that defendant violated plaintiff's rights because when she attempted to enter the search query, "Bev Stayart," defendant's search assist function displayed the phrase, "bev stayart levitra;" upon receiving the search query, "bev stayart," defendant's website returned a list of websites

and suggested entering the search query, "bev stayart levitra;" when it received the search query, "bev stayart levitra," defendant's website returned a list of websites selling erectile dysfunction medications at least one of which paid defendant to have its site listed at the top and bottom of the screen. Plaintiff does not allege that defendant sells her name to advertisers as a keyword phrase for the purpose of triggering sponsored search results. As to how plaintiff's name came to be associated with Levitra, plaintiff attaches to her complaint a letter from defendant explaining that its search suggestions are created by its search algorithm based on its users' search queries.

I first address plaintiff's request that I reconsider my decision regarding the amount in controversy. In order to establish diversity jurisdiction, plaintiff must show that the amount in controversy exceeds $75,000, exclusive of interest and costs. § 1332(a). Where, as here, defendant challenges plaintiff's allegation of the jurisdictional minimum, plaintiff must support the allegation with competent proof and establish the jurisdictional facts by a preponderance of the evidence. <u>McMillian v. Sheraton Chicago Hotel & Towers</u>, 567 F.3d 839, 844 (7th Cir. 2009). To satisfy this burden, plaintiff must do more than point to the theoretical availability of various categories of damages. <u>Id.</u> And in cases involving an allegation of use of a name for advertising purposes, "compensatory damages shall not be presumed in the absence of proof." § 995.50(4).

Plaintiff asserts that the combination of damages for emotional distress, unjust enrichment, punitive damages and attorney fees enables her to meet the jurisdictional minimum. However, plaintiff provides no competent proof to support her allegation that she sustained damages in any of these categories. With respect to emotional distress, plaintiff

2

neither alleges nor provides proof that she incurred any expenses for medical treatment or medication, that she lost any wages, or that she incurred any other expenses that might have been caused by emotional distress. Thus, plaintiff not only fails to establish damages for emotional distress, she also does not provide a basis for comparing damages in the present case to those awarded in other privacy actions.

As for attorney fees, plaintiff presents no evidence that she may include them as damages instead of costs, see Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998), or that she incurred attorney fees. Even assuming that she did and that such fees could be included as damages, plaintiff presents no evidence that at the time she filed her complaint she had incurred attorney fees. And jurisdiction depends on the state of affairs when the case begins. See id.; see also Hart v. Schering-Plough Corp., 253 F.3d 272, 274 (7th Cir. 2001).

In her brief, plaintiff contends that she satisfies § 1332(a) because defendant earns an unknown sum of money by selling her name to advertisers of sexual dysfunction medications, an assertion defendant disputes. However, plaintiff neither alleges this in her complaint nor provides competent proof that defendant does this. Nor does she allege any facts or provide any proof that her name has any value to companies selling medication for sexual dysfunction such that they would pay for the use of her name, much less pay $75,000.

Finally, I consider punitive damages. Where punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law, and if so whether it is legally certain that the plaintiff will be unable to recover the requisite jurisdictional amount. LM Ins. Corp. v. Spaulding Enters.,

3

533 F.3d 542, 551 (7th Cir. 2008). Where the amount in controversy is primarily composed of punitive damages, the claims should be closely scrutinized. Id. Plaintiff is not entitled to punitive damages under § 995.50 because the statute authorizes only the recovery of compensatory damages and attorney fees. Further, the legislative history of § 995.50 indicates that punitive damages are unavailable in privacy actions. Comment, *The Tort of Misappropriation of Name or Likeness under Wisconsin's New Privacy Law*, 78 Wis. Law Review 1029, 1056 (1978). Even assuming that punitive damages were available, such damages would necessarily be limited given the de minimis nature of the compensatory damages alleged. See BMW of N. Am. v. Gore, 517 U.S. 559, 580-81 (1996) (grossly excessive punitive damage awards violate due process); see also Groshek v. Trewin, 325 Wis. 2d 250, 271-272 (2010) (punitive damages are unavailable in the absence of actual damages).

Thus, plaintiff fails to establish sufficient damages to satisfy the jurisdictional minimum, and I decline to reconsider my decision that I lack jurisdiction. See generally Griffith v. Fenrick, 486 F. Supp. 2d 848 (W.D. Wis. 2007) (dismissing privacy claim where plaintiff failed to establish that alleged wrongful use of his name had in fact caused an injury to reputation, a loss of earnings or unjust enrichment).

In my previous decision, I stated that even if I had jurisdiction, I would nevertheless dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, plaintiff must allege enough facts to describe a claim that is plausible on its face. Stayart v. Yahoo! Inc., 623 F.3d 436, 438 (7th Cir. 2010). In order to state a claim that defendant misappropriated her name,

plaintiff must allege facts indicating that it is plausible that defendant used her name for advertising or trade purposes. Wis. Stat. § 995.50(2)(b); Hirsch v. S.C. Johnson & Son, 90 Wis. 2d 379, 398-99 (1979). To use a person's name for advertising or trade purposes, there must be a substantial rather than an incidental connection between the use and the defendant's commercial purpose. *Wisconsin's New Privacy Law*, supra, at 1047-48. De minimis cases of appropriation do not generally result in liability. Id. The fact that a defendant, such as a newspaper, makes a profit from the business of publication or supports its business with advertising is not enough to make the incidental publication of a name a commercial use. Restatement (Second) of Torts § 652C cmt. d (1977).

Plaintiff fails to satisfy her burden. She alleges no facts that plausibly suggest that defendant used her name for purposes of advertising or trade or misappropriated it in any way. An internet search engine does not use a person's name for such purposes when it reports information found on internet websites. See Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562, 574 (1977) (stating that an individual's right to control the use of her name does not prevent reporting of news); see also Ladd v. Uecker, 323 Wis.2d 798 (Ct. App. 2010) (stating that display of a person's likeness was not for purposes of trade or advertising, but an informative use of matter of public record); Rand v. Hearst Corp., 298 N.Y. Supp.2d 405, 409 (App. Div. 1969) (stating that phrases such as "advertising purposes" and for the "purposes of trade ... must be construed narrowly and not used to curtail the right of free speech, or free press, or to shut off the publication of matters newsworthy or of public interest, or to prevent comment on matters in which the public has a interest or the right to be informed"), aff'd, 257 N.E.2d 895, 896 (N.Y. 1970).

As discussed, plaintiff alleges only that when she searched for "bev stayart levitra," Levitra-related advertisements appeared in the search results. However, as also discussed, she alleges no facts making it plausible that the appearance of her name in connection with Levitra was anything other than incidental. As for her allegation that defendant's search suggestion, "bev stayart levitra," itself constitutes the use of her name for advertising purposes, the suggestion shows only that third parties connected plaintiff's name with Levitra. It does not propose any commercial transactions. Reporting such a connection is not an endorsement or advertisement. See generally Almeida v. Amazon.com, Inc., 456 F.3d 1316 (11th Cir. 2006) (holding that internet bookseller's use of a bookcover was not an endorsement or promotion of any product or service but rather incidental to and customary for the business of book sales). Because it is not unlawful to use a person's name primarily for the purpose of communicating information, displaying the search suggestion cannot form the basis of plaintiff's claims.

Because plaintiff's claims fail for the reasons discussed, I need not address whether they are barred by the Communications Decency Act, 47 U.S.C. § § 203 et. seq.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**. As previously indicated, the case is **DISMISSED** for lack of subject matter jurisdiction. Alternatively, the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2011.

s/Lynn Adelman
LYNN ADELMAN
District Judge

6